# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**DERRICK S. GALVIN,**
**ADC #163461**                                                                                     **PLAINTIFF**

**V.**                        **CASE NO. 1:18-CV-93-KGB-BD**

**BRANDON CARROLL,** *et al.*                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Any party to this suit may file written objections with the Clerk of Court if they disagree with the findings or conclusion. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Plaintiff Derrick Galvin, an Arkansas Department of Correction (ADC) inmate, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) Mr. Galvin sued a number of ADC employees, as well as Entergy and various Entergy employees.

The Court ordered service of process for Defendants Carroll, Shipman, Gibson, King, Higgins, and Kelley (ADC Defendants), but not for Entergy or its employees.[1] The ADC Defendants have now moved to dismiss for failure to state a claim. (#7) Mr. Galvin has not responded to the motion, and the time for filing a response has expired.

### III. Standard:

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. In deciding whether a plaintiff has failed to state a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007)(citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge [the] claims across the line from conceivable to plausible." *Id*. at 1974.

### IV. Discussion:

Mr. Galvin complains that since Entergy improperly repaired various electric circuits, including the lighting system and the electric fence outside his cell, he has

---

[1] Entergy Electrical Company should be added to the docket sheet as a named Defendant. As noted, in screening the complaint, the Court did not order service of process for Entergy or any Entergy employee. Entergy and its employees are not state actors and, thus, could not have been sued under 42 U.S.C. § 1983, even if Mr. Galvin had stated a claim.

2

experienced "headaches, burning my scalp, burning my skin, ringing my ear drums, popping my ear drums, damaging my brain cells, effecting [sic] my nervous system causing me to shake, to have minor seizures, causing shortness of breath, minor strokes, blurred vision, loss of memory." (#2, p. 8)

Defendants argue that Mr. Galvin's allegations about emissions from lighting and the electric fence surrounding the prison do not state a plausible claim for relief. (#8) Mr. Galvin had an opportunity to respond with facts to demonstrate the plausibility of his allegations. He failed to do so.

Mr. Galvin's complaint lacks plausible factual allegations that would give rise to a constitutional claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(explaining that "labels and conclusions" and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth sufficient factual matter that states a claim that plausible on its face); *Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004)(explaining that a court is not required to "accept unreasonable inferences or sheer speculation as fact").

## V.     Conclusion:

The Court recommends that ADC Defendants' motion to dismiss this lawsuit (#7) be GRANTED, and that all claims, including claims against ADC Defendants, Entergy, and Entergy Defendants identified as Doe defendants be DISMISSED, without prejudice. Furthermore, this dismissal should count as a STRIKE for purposes of the Prison

Litigation Reform Act, 28 U.S.C. § 1915(g).

DATED this 15th day of March, 2019.

_____
UNITED STATES MAGISTRATE JUDGE